Terence N. Hawley (SBN 179106)
Joshua D. Anderson (SBN 312836)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
T: 415.543.8700
F: 415.391.8269
thawley@reedsmith.com
janderson@reedsmith.com

Michael O'Neil (Pro Hac Forthcoming)
Timothy Carwinski (Pro Hac Forthcoming)
Bruce R. Van Baren (Pro Hac Forthcoming)
REED SMITH LLP
10 S. Wacker Drive, 40th Floor
Chicago, IL  60606
T: 312.207.1000
F: 312.207.6400
michael.oneil@reedsmith.com
tcarwinski@reedsmith.com
bvanbaren@reedsmith.com

*Attorneys for Defendant*
*TransUnion Interactive, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL SPORN, *on behalf of himself and all others similarly situated,* <br><br> Plaintiff, <br><br> v. <br><br> TRANSUNION INTERACTIVE, INC., <br><br> Defendant. | Case No. _____ <br><br> **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, 1453** <br><br> [Removal of civil action from Superior Court of California, San Francisco County, Case No. CGC-18-568168] |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   **TO THE CLERK OF THE U.S. DISTRICT COURT OF THE NORTHERN DISTRICT OF**

2   **CALIFORNIA AND PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

3          Defendant TransUnion Interactive, Inc. ("TUI"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446,

4   and 1453, hereby gives notice of the removal of this civil action from the Superior Court of

5   California, San Francisco County, Case No. CGC-18-568168, to the U.S. District Court for the

6   Northern District of California, San Francisco Division.  In support of its notice of removal, TUI

7   states:

8          1.     On July 17, 2018, Plaintiff Michael Sporn ("Plaintiff") filed a class-action lawsuit

9   against TUI in the Superior Court of the State of California, San Francisco County, captioned *Sporn*

10  *v. TransUnion Interactive, Inc.*, Case No. CGC-18-568168 (the "State Court Action").  By his Class

11  Action Complaint ("Complaint"), Plaintiff asserts class claims against TUI for alleged violations of

12  the California Consumer Credit Reporting Agencies Act ("CCCRAA"), Cal. Civ. Code §§ 1785.1 *et*

13  *seq.* (Count I); the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et*

14  *seq.* (Count II); the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et*

15  *seq.* (Count III); and the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§

16  1750 *et seq.* (Count IV).  (A copy of the Summons and Complaint is attached as Exhibit A.)

17         2.     Plaintiff purports to have served TUI pursuant to Cal. Code of Civ. P. § 415.20(a),

18  which allows for "substitute service" by leaving a copy of the summons and complaint "with the

19  person who is apparently in charge" at the business address of a corporate officer and following up

20  on that delivery by mailing the documents to the same address.  Here, Plaintiff attempted substitute

21  service on David M. Neenan, which he alleges is TUI's "President, Agent for Service," at TUI's

22  office in San Luis Obispo, California.  (A copy of the Proof of Service is attached as Exhibit B.)

23  However, Mr. Neenan is not now, and never has been, TUI's president, and has never even been

24  employed by TUI.  He also does not have an office at the San Luis Obispo office of TUI.  Therefore,

25  Plaintiff's substitute service was not effective.

26         3.     Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because TUI has not been

27  properly served with the Summons and Complaint.  Moreover, even if Plaintiff's substitute service

28

NOTICE OF REMOVAL PURSUANT TO
28 U.S.C. §§ 1332, 1441, 1446, 1453

1  had been effective, this Notice would still be timely because it is being filed within 30 days of

2  Plaintiff's purported service of the Summons and Complaint.  Pursuant to Cal. Code of Civ. P. §

3  415.20(a), "[s]ervice of a summons in this manner is deemed complete on the 10th day after the

4  mailing."  *Id.*  Here, Plaintiff purported to mail the Summons and Complaint to Mr. Neenan on

5  August 2, 2018.  (*See* Ex. B.)  Therefore, this Notice of Removal is timely because it is being filed

6  within 30 days of August 12, 2018, which is 10 days after August 2, 2018.  *See* 28 U.S.C. §

7  1446(b)(1).

8          4.          Removal is proper pursuant to 28 U.S.C. § 1441 because this is a civil action over

9  which this Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005

10  ("CAFA"), 28 U.S.C. § 1332(d).  Specifically, removal is proper under § 1332(d) because (a) the

11  State Court Action was brought as a putative class action under California law; (b) at least one

12  member of the putative class is a citizen of a different state than TUI; (c) the number of class

13  members in the aggregate is larger than 100; and (d) the amount in controversy exceeds $5 million.

14          5.          <u>Covered Class Action.</u> This action meets the CAFA definition of a class action, which

15  is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State

16  statute or rule of judicial procedure."  28 U.S.C. §§ 1332(d)(1)(B), 1453(a), (b).  Here, the State

17  Court Action was brought as a putative class action under Cal. Code of Civ. P. § 382.  (Compl., ¶

18  30.)

19          6.          <u>Diversity of Citizenship.</u>  The required diversity of citizenship under CAFA is

20  satisfied because Plaintiff, a member of the putative class, is a citizen of California, (Compl., ¶¶ 19,

21  29), while TUI, the only defendant, is a citizen of Delaware and Illinois.  *See* 28 U.S.C. §

22  1332(d)(2)(A).  TUI is a Delaware corporation.  (A copy of TUI's Corporation Annual Report filed

23  with the Illinois Secretary of State, which shows that TUI is a Delaware Corporation, is attached as

24  Exhibit C.)  TUI's principal place of business is in Illinois.  TUI has three directors (its President,

25  Executive Vice President – Chief Financial Officer, and its Executive Vice President and Assistant

26  Secretary), all of whom work and live primarily in Illinois.  The directors typically act by written

27  consent, signed in Illinois.  TUI's administrative functions, *i.e.*, accounting, payroll, and human

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

-3-

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   resources, are also located in Illinois.  TUI's 2018 filings with the Secretaries of State of California

2   (attached as Exhibit D) and Illinois (Ex. C) identify an address in Chicago as its "principal executive

3   office" and "principal address," respectively, and each of the five (5) officers and directors identified

4   on the filings are listed as working at that same Illinois address.  *See Hertz Corp. v. Friend*, 559 U.S.

5   77, 80 (2010) (principal place of business is "where a corporation's high level officers direct, control

6   and coordinate the corporation's activities," also referred to as its "nerve center"); *see also Pacific*

7   *Am. Fish Co., Inc. v. Linkfresh, Inc.*, Case No. CV 17-6999-R, 2018 WL 376691, at *1 (C.D. Cal.

8   Jan. 10, 2018) (principal place of business was where five of seven board members were located and

9   "made strategic and operational decisions about Defendant's business" and "Defendant's

10   employment, accounting, and payroll activities are maintained and directed"); *Gonzalez v. Starwood*

11   *Hotels*, Case No. CV 16-1068-GW (JEMx), 2016 WL 1611576, at *2 (C.D. Cal. Apr. 21, 2016)

12   (principal place of business is "where executive and administrative functions are performed");

13   *Barbosa v. Transp. Drivers, Inc.*, No. ED CV 15-1834-DMG (DTBx), 2015 WL 9272828, at *3

14   (C.D. Cal. Dec. 18, 2015) (principal place of business was "where its corporate officers direct,

15   control, and coordinate activities" and where "its primary executive, administrative, financial, and

16   management functions" are located).  Because TUI is a Delaware corporation and its principal place

17   of business is in Illinois, it is a citizen of Delaware and Illinois.

18          7.      Putative Class Members.  This action meets CAFA's 100 putative class member

19   requirement.  28 U.S.C. § 1332(d)(5)(B).  Here, Plaintiff alleges that there "are at least thousands of

20   [c]lass members." (Compl., ¶ 32)

21          8.      Amount in Controversy.  This action meets CAFA's $5 million amount-in-

22   controversy requirement.  Under CAFA, the claims of the individual class members are aggregated

23   to determine if the amount in controversy exceeds the required "sum or value of $5,000,000,

24   exclusive of interest and costs."  28 U.S.C. §§ 1332(d)(2), (d)(6).  Here, under Count I of the

25   Complaint, which asserts claims under the CCCRAA, Plaintiff and the putative class members seek

26   declaratory relief, actual damages, punitive damages of up to $5,000 for each violation, and

27   attorneys' fees.  (Compl., ¶ 60.)  Plaintiff alleges that there "are at least thousands of [c]lass

28

NOTICE OF REMOVAL PURSUANT TO
28 U.S.C. §§ 1332, 1441, 1446, 1453

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  members" (Compl., ¶ 32), which implies "a logical minimum of 2,000 class members." *Tompkins v.*

2  *Basic Research LL*, No. S-08-244 LKK/DAD, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008)

3  (allegation "a class of 'thousands of persons'" implies "a logical minimum of 2,000 class members")

4  (cited favorably by *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013)).

5  Therefore, consideration of only one type of recovery sought under one of the four (4) counts in the

6  complaint, *i.e.*, the request for punitive damages sought in Count I of the Complaint, satisfies the

7  amount-in-controversy requirement of CAFA (*i.e.*, 2,000 putative class members multiplied by

8  $5,000 totals at least $10 million in claimed punitive damages). *See Lee v. Equifax Info. Servs.,*

9  *LLC*, No. CV 13-4302 SI, 2013 WL 6627755, at *4 (N.D. Cal. Dec. 16, 2013) (complaint

10  "removable on its face" under CAFA because "simple multiplication of $5,000, the maximum

11  statutory penalty [under the CCCRAA] … by 1,500, the total minimum number of class members

12  alleged" exceeded $5 million jurisdictional threshold).  In addition to the relief requested in Count I

13  of the Complaint, Plaintiff also seeks declaratory relief, restitution, disgorgement of revenue and/or

14  profits, and injunctive relief under the UCL (Count II) and the FAL (Count III) and injunctive relief

15  under the CLRA (Count IV) of the Complaint.

16        9.      Removal to this Court is proper because it is the district and division embracing the

17  Superior Court of California, San Francisco County, where the State Court Action was pending.  *See*

18  28 U.S.C. § 1441(a).

19        10.     TUI has complied with the procedural requirements in 28 U.S.C. § 1446:

20            a.      All process, pleadings, and orders served by Plaintiff on TUI are attached as

21                   Exhibits A.  *See id.* 1446(a).

22            b.      TUI will provide this Notice of Removal to:  (i) Plaintiff, by its attorneys of

23                   record, Michael R. Reese (mreese@reesellp.com) and George V. Granade

24                   (ggranade@reesellp.com), Reese LLP, 100 West 93rd Street, 16th Floor, New

25                   York, NY 10025 and (ii) the Superior Court of California, San Francisco

26                   County before which the State Court Action was pending.  *See id.* § 1446(d).

27            c.      TUI will also file a Notice of Filing attaching a copy of this Notice of

28

NOTICE OF REMOVAL PURSUANT TO
28 U.S.C. §§ 1332, 1441, 1446, 1453

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1                Removal and Exhibits in the State Court Action.  *See id.*

2

3    Dated: September 4, 2018              Respectfully submitted,

4                            **REED SMITH LLP**

5

6                           */s/ Joshua D. Anderson*

7                            Terence N. Hawley (SBN 179106)
Joshua D. Anderson (SBN 312836)

8                            REED SMITH LLP
101 Second Street, Suite 1800

9                            San Francisco, CA 94105-3659
T: 415.543.8700

10                         F: 415.391.8269
thawley@reedsmith.com

11                         janderson@reedsmith.com

12                         -and-

13

14                          Michael O'Neil (*Pro Hac Pending*)
Timothy Carwinski (*Pro Hac Pending*)

15                        Bruce R. Van Baren (*Pro Hac Pending*)
REED SMITH LLP

16                        10 S. Wacker Drive, 40th Floor
Chicago, IL  60606

17                        T: 312.207.1000
F: 312.207.6400

18                        michael.oneil@reedsmith.com

19                       tcarwinski@reedsmith.com
bvanbaren@reedsmith.com

20

21                        *Attorneys for Defendant*
*TransUnion Interactive, Inc.*

22

23

24

25

26

27

28

-6-